UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN BROOKS, | Civil Action No. 17-2672(MCA) |
| Plaintiff, | |
| v. | OPINION |
| BRIAN GILLEN, et al., | |
| Defendants. | |

I. **INTRODUCTION**

This matter having been opened to the Court by Plaintiff's filing of a civil rights complaint and an application to proceed *in forma pauperis* ("IFP application"). Plaintiff's Complaint alleges violations of his civil rights in connection with his arrest on an allegedly invalid New York Warrant in Newark, New Jersey in February 2014. The Court will grant the application to proceed *in forma pauperis*. For the reasons set forth below, Plaintiff's Fourth Amendment claims for excessive force and illegal search and seizure are dismissed without prejudice as barred by the two-year statute of limitations, and Plaintiff's false arrest and false imprisonment claims are dismissed without prejudice as to all Defendants for failure to state a claim for relief. Having dismissed the federal claims, the Court also declines supplemental jurisdiction over Plaintiff's remaining state law claims, but will permit Plaintiff to submit an amended complaint if he can provide a valid basis for equitable tolling and/or cure the deficiencies in his Complaint.

1

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### a. The Current Action

In the instant Complaint, Plaintiff has sued individual Defendants Brian Gillen, Rodney Wallmessam, Len Jackson, Chauncey Parker, and Timothy P. Shaughnessey, as well as entity Defendants Kettler Management, Solomon Page Group, LLC, and Sterling Securities in connection with alleged violations of his civil rights that occurred between January 29, 2014 and February 18, 2014. The individual Defendants are members of various state and federal law enforcement agencies: Gillen is identified in the Complaint as a Deputy United States Marshal; Wallmessam is identified as an "Agent" with the New York/New Jersey High Intensity Drug Trafficking Areas; Jackson is identified as a Detective with the Essex County Sheriff's Office; Parker is identified as the Director of the New York/New Jersey High-Intensity Drug Trafficking Areas; Shaughnessy is identified as an employee with the Essex County Prosecutor's Office. (ECF No. 1, Complaint at 4-6.) As described in more detail below, Plaintiff alleges that each of the individual Defendants violated Plaintiff's civil rights "in retaliation on behalf of" New York Police Detective Kevin Dardzinski, an individual who is not named as a Defendant in the instant Complaint but has been sued by Plaintiff for the same incident in other federal actions.

Plaintiff has also sued several entity Defendants in the instant action. Kettler Management appears to be the property management company for Hallmark House, the building in Newark, New Jersey, where Plaintiff resided at the time of the relevant incidents. Sterling Securities appears to have provided security for Hallmark House during the relevant time period. Accordingly to the Complaint, Sterling Securities and Kettler Management permitted the individual Defendants and other law enforcement officers to enter Hallmark House without a

warrant. There are no allegations in the Complaint regarding Defendant Solomon Page Group, LLC. (*Id.* at 6.)

The Complaint states that "on or about January 29, 2014, members of the New York City Police Department . . . Detective Kevin Dardzinski . . . and Sgt. Dawe came to the Plaintiff's residence [in Newark, New Jersey] acting without state jurisdiction, dressed in civilian clothes, [with] no arrest warrant and without being accompanied by Newark Police Department and local or federal authority[.]" (*Id.* at 7.) These individuals threatened to harm Plaintiff's mother and used racial slurs against Plaintiff. (*Id.* at 8.) Plaintiff called 911 and the dispatcher told him not to open his door, as the Newark Police Department was on its way. (*Id.*) Detective Dardzinski and Sgt. Dawe attempted to force the door open, but they ran off when they heard the Newark Police Department sirens and threatened Plaintiff that they would return. (*Id.*)

On February 2, 2014, Detective Dardzinski made a false report stating that Plaintiff sent him threatening text messages. (*Id.* at 8-9.) On February 6, 2014, Detective Dardzinski obtained a New York warrant for Plaintiff's arrest on fabricated charges of aggravated harassment and harassment. (*Id.* at 9.) Plaintiff denies sending the text messages. (*Id.* at 9-10.)

The involvement of the Defendants in this action began on February 12, 2014 when Agent Wallmessam emailed Gillen of the United States Marshals Service in Newark, New Jersey to get his assistance in executing the New York warrant on Plaintiff. (*Id.* at 8.) Plaintiff alleges that these Defendants acted "in the retaliation on the behalf of . . . Det. Kevin Dardzinski." (*Id.*) Subsequently, on February 18, 2014, at 4:30 am, Gillen, Wallmassam, and Detective Len Jackson of the Essex County Sheriff's Office, along with other law enforcement agents, gained entry into Plaintiff's building in Newark New Jersey. (*Id.* at 10.) Gillen executed the allegedly invalid New York Warrant on Plaintiff. During the arrest, Wallmessam, Jackson, and Gillen

3

knocked Plaintiff to the floor and beat him with a telephone book, stating "This is for Detective Kevin Dardzinski."[1] (*Id.* at 11.)

It appears that Plaintiff was arrested by Defendants Gillen, Jackson, and Wallmessam, and taken into custody on February 18, 2014. The Complaint states the following:

> At that moment during the execution of the warrant of arrest from New York Criminal Court, defendants Brian Gillen, Len Jackson, and Rodney Wallmessam realize that the Plaintiff called Newark-Police from his cell phone number . . . About 15 minutes later when Newark-Police arrived at the Plaintiff's residence, the Defendants rushed out the Plaintiffs out of his residence, by Rodney Wallmessam and Brian Gillen, along with Len Jackson.

(*Id.* at ¶ 11.) Plaintiff provides no further facts about his arrest, his subsequent arraignment on the New York Warrant, or the disposition of the criminal charges against him in the instant Complaint. He states, however, that Defendants knew that the New York Warrant could not be executed in New Jersey. (*Id.* at ¶ 12.)

### b. **Plaintiff's 2014 Action**

This is not the only action Plaintiff has brought in federal court regarding the 2014 incidents. On December 1, 2014, Plaintiff brought a civil rights complaint (referred to herein as "the 2014 Complaint") against Kevin Dardzinski, Edward Buddin, and John and Jane Does in connection with the same arrest. (*See Brooks v. Dardzinski*, et al., Civ. Act. No. 14-7474.) The 2014 Complaint is very detailed and provides additional allegations of misconduct by Dardzinski and Buddin and other unidentified Defendants. (*See, generally*, ECF No. 1.) Notably, the 2014

---

[1] The Complaint does not name or describe Kevin Dardzinski or Sgt. Dawe as Defendants in this action.

Complaint lists the date of Plaintiff's New York arraignment on the relevant charges as March 4, 2014.[2] (*Id.*, Complaint at ¶ 30.)

On November 17, 2016, the Honorable John Michael Vasquez granted Plaintiff's IFP application and screened the Complaint for dismissal pursuant to 28 U.S.C. § 1983. The Court proceeded Plaintiff's unlawful search and seizure claims against Defendant Dardzinski and his excessive force claims against Dardzinski and Buddin, and ordered Plaintiff to show cause why the case should not be transferred to the Southern District of New York. (*See* Civ. Act. No. 14-7474, ECF No. 10, Op. at 8.) On June 9, 2017, the Court transferred Civil Action No. 14-7474 to the United States District Court, Southern District of New York.[3] (*See id.* at ECF No. 20.) It appears that the action in the Southern District of New York was dismissed <u>without prejudice</u> on August 21, 2017 for failure to comply with court orders. (*See* PACER, Civ. Act. No. 17-4440, ECF Nos. 23, 24 (S.D.N.Y.).)

### III. **STANDARD OF REVIEW**

Under the PLRA, district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*, *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[2] Although the 2014 Complaint describes the same incident, it lists the date of Plaintiff's arrest on the New York Warrant as February 28, 2014 and not February 18, 2014 (*see id.* at ¶ 24); Plaintiff subsequently wrote a letter to clarify that the arrest took place on February 18, 2014. (*See id.* at ECF No. 4.)

[3] On May 17, 2017, Plaintiff also submitted a third civil rights action against Defendants Dardzinski, Buddin, Dawe and other law enforcement and government officials stemming from the same 2014 incidents, which was also assigned to the undersigned. (*See Brooks v. New York City Police Dept.*, et al., Civil Action No. 17-3700 (MCA).) The Court directed the Complaint be filed and summons be issued in that matter on January 30, 2018. (*See* ECF No. 8.)

from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Complaint must also allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). To do

so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Furthermore, "[l]iberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## IV. ANALYSIS

Plaintiff has filed at least three separate federal actions about the 2014 incidents described in this Complaint, and it is unclear why he is pursuing his claims in this piecemeal fashion. Nevertheless, Plaintiff is the master of his Complaint, and he does not name or describe Detective Dardzinski or Sgt. Dawe as Defendants <u>in this action</u> and appears to seek relief from them in separate federal actions. As such, in screening the Complaint for dismissal, the Court does not construe Plaintiff to sue Detective Dardzinski or Sgt. Dawe. Instead, the Court construes Plaintiff to allege claims for relief against Defendants Gillen, Wallmessam, Jackson, Parker, and Shaughnessey, in their individual capacities only, and against entity Defendants Kettler Management, Solomon Page Group, LLC, and Sterling Securities.[4] Plaintiff alleges that these Defendants violated his civil right under 42 U.S.C. § 1983 and *Bivens*[5] and also asserts

---

[4] The Court does not construe Plaintiff to allege official capacity claims for relief.

[5] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

7

state law claims of retaliation, invasion of privacy, emotional distress, and kidnapping. The Court first addresses the federal claims.

### a. Plaintiff's Excessive Force and Search and Seizure Claims are Untimely

The misconduct alleged in Plaintiff's Complaint occurred in January-February 2014, and his Complaint was not submitted to prison officials for filing until April 10, 2017. As such, Plaintiff's civil rights claims appear to be barred by the two-year statute of limitations applicable to civil rights claims. The statute of limitations is an affirmative defense that must generally be pleaded and proved by the defendants. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir.2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." The same principle applies to screening complaints under the PLRA. *See Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required."); *Paluch v. Secretary Pennsylvania Dept. of Corrections*, 442 Fed. App'x 690, 694 n. 2 (3d Cir.2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 2010 WL 3446879 at *4 (3d Cir. Sept.2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the

8

complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A"); *see also Archie v. City of Newark*, No. CIV. 12-3657 FSH, 2012 WL 2476229, at *3 (D.N.J. June 27, 2012) (dismissing complaint as time barred under *sua sponte* screening authority).

Plaintiff has sued state and federal actors under 42 U.S.C. § 1983 and *Bivens*. Under New Jersey law, there is a two-year statute of limitations period for personal-injury torts. N.J. Stat. Ann. § 2A:14-2. Because a § 1983 claim is characterized as a personal-injury claim, such claims are governed by the applicable state's statute of limitations for personal-injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989). Likewise, "[a] *Bivens* claim ... is 'characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims.'" *Peguero v. Meyer*, 520 Fed. App'x 58, 60 (3d Cir. 2013) (quoting *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080 (3d Cir.1988) (holding that *Bivens* actions are governed by the applicable state law statute of limitations); *Mishra v. Nolan*, 187 F. App'x 136, 137 (3d Cir. 2006) (same).

The limitation period begins to run on the accrual date, which is governed by federal law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 507 (3d Cir. 2006) (quoting *Mathews v. Kidder Peabody & Co.*, 260 F.3d 239, 252 (3d Cir. 2001)); *see also Large v. County of Montgomery*, 307 F. App'x. 606, 606 (3d Cir. 2009). "The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach*, 589

F.3d at 634. Importantly, accrual is not tied to whether the potential claimant knew or should have known that the injury constitutes a legal wrong. *Giles v. City of Philadelphia*, 542 F. App'x. 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982)). Rather, "a cause of action accrues when the <u>fact of injury</u> and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) aff'd, 504 F. App'x. 182 (3d Cir. 2012) (emphasis added). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634. Furthermore, "the rule that a cause of action accrues upon discovery of the injury does not require that a plaintiff have identified every party who may be liable on its claim." *Graff v. Kohlman*, 28 F. App'x 151, 154 (3d Cir. 2002) (citing *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997)).

New Jersey law governs when accrual of a § 1983 claim may be delayed pursuant to the discovery rule and when a limitation period may be equitably tolled. *See Dique*, 603 F.3d at 185; *Freeman v. State*, 347 N.J. Super. 11, 788 A.2d 867, 878 (App. Div. 2002). The discovery rule postpones a claim from accruing if a plaintiff is reasonably unaware that he has suffered an injury or, even though he is aware of the injury, that it was the fault of an identifiable person. *See Caravaggio v. D'Agostini*, 166 N.J. 237, 765 A.2d 182, 187 (2001). Under New Jersey law, the discovery rule is used in special circumstances and where the interests of justice require in order "to postpone the accrual of a cause of action when a plaintiff does not and cannot know the facts that constitute an actionable claim." *Grunwald v. Bronkesh*, 131 N.J. 483, 492 (1993); *see also Jonas v. Gold*, 627 F. App'x 134, 139 (3d Cir. 2015) (explaining that New Jersey's "discovery rule postpones the accrual date of a cause of action 'until the injured party discovers,

or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim.'" (quoting *Lopez v. Swyer*, 62 N.J. 267, 300 A.2d 563, 565 (1973)). Application of the rule starts the limitations period once a plaintiff is aware of "the facts underlying" the injury and fault, as opposed to "when a plaintiff learns the legal effect of those facts." *Id.* at 493.

"[E]quitable tolling may be applied where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" or where a plaintiff "has in some extraordinary way been prevented from asserting his rights." *Freeman v. State*, 347 N.J. Super. at 31 (internal citations and quotations omitted). Equitable tolling may be appropriate where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *Id.* "[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* Under federal law, tolling is extraordinary relief that is appropriate only "in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his or her cause of action; (2) where the plaintiff has been prevented from asserting his or her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his or her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370, n.9 (3d Cir. 2000).

Plaintiff's federal claims of excessive force, illegal search and seizure, and false arrest and imprisonment arise under the Fourth Amendment. The Fourth Amendment protects against unreasonable searches and seizures by the government and its agents. *See* U.S. Const. amend. IV. For statute of limitations purposes, claims of excessive force and illegal search and seizure generally accrue and the limitations period begins to run at the time of injury. *See Mujaddid v.*

*Wehling*, 663 F. App'x 115, 119 (3d Cir. 2016). A claim of false arrest, and the accompanying claim for false imprisonment, also begins to accrue immediately upon the arrest at issue. *Wallace*, 549 U.S. at 389–90 & n.3; *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011)(ruling that accrual of a claim for false arrest occurred on the date that the plaintiff "was arrested and charges were filed against him"); *Alexander v. Fletcher*, 367 F. App'x 289, 290–91 (3d Cir. 2010) (affirming the district court's conclusion that a § 1983 false arrest claim began to accrue on the date of arrest). Nevertheless, while the claim accrues upon arrest, the statute of limitations for false arrest/false imprisonment begins to run "when the individual is released, or becomes held pursuant to legal process," *i.e.*, is arraigned. *Alexander*, 367 F. App'x at 290 n. 2 (citing *Wallace*, 549 U.S. at 389-90); *see also Pittman v. Metuchen Police Dep't*, 441 F. App'x. 826, 828 (3d Cir. 2011).

The Court will dismiss the Fourth Amendment claims for excessive force and unlawful search and seizure against all Defendants as barred by the two-year limitations period, as these claims accrued and the limitation period began to run at the time Plaintiff was injured in February 2014. *See Mujaddid*, 663 F. App'x at 119. Plaintiff knew he was injured at the time of the relevant misconduct, and did not submit the instant Complaint until more than three years later on April 10, 2017. Nothing in the present Complaint suggests any basis to invoke the discovery rule or apply equitable tolling.[6] Notably, Plaintiff filed a civil rights complaint arising from this very same incident in December 2014. (*See Brooks v. Dardzinski*, et al., Civil Action No. 14-7474). As such, it appears that Plaintiff was aware of his injuries within the limitations period and knew that his injuries were attributable to the fault of another. Accrual of his claims

---

[6] The Court does not address the merits of the excessive force or illegal search and seizure claims because they are clearly time barred.

arising out of the 2014 incident does not require that Plaintiff be aware of every possible Defendant and every theory of liability.[7] *See Graff v. Kohlman*, 28 F. App'x at 154.

The § 1983 and *Bivens* claims premised on Plaintiff's false arrest and false imprisonment arising out of his arrest on the New York Warrant on February 18, 2014 also appear time barred, as Plaintiff states in his 2014 Complaint that he was arraigned on the relevant charges on March 4, 2014. But even if the Court were to ignore the arraignment date listed in the 2014 Complaint, the false arrest and false imprisonment claims against the individual and entity Defendants are also subject to dismissal at screening for failure to state a claim for relief.

### b. Plaintiff Fails to State a False Arrest/False Imprisonment Claim Against the Individual and Entity Defendants

The central issue in determining liability in a § 1983 action based on a claim of false arrest is "whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). "Probable cause to arrest exists where the arresting officer has knowledge of facts and circumstances sufficient to permit a prudent person of reasonable caution to believe that the person arrested has committed an offense." *Young v. City of Hackensack*, No. 04-CV-2011 (WJM), 2005 WL 1924327, at *3 (D.N.J. Aug. 11, 2005), *aff'd*, 178 F. App'x 169 (3d Cir. 2006). Generally speaking, a facially valid warrant establishes probable cause for an arrest and indicates that officer's arrest was objectively reasonable. *See Young*, 178 F. App'x. at 171–72 (affirming grant of summary judgment to defendants in false arrest § 1983 case on basis of probable cause and qualified immunity where warrant "appears on its face to be valid"); *see also Messerschmidt v. Millender*, 132 S.Ct. 1235, 1245 (2012) ("Where the alleged Fourth Amendment violation

---

[7] To the extent Plaintiff's claims are untimely, his recourse may be to seek to reopen the 2014 Complaint in the Southern District of New York. The Court expresses no view as to whether Plaintiff will be able to reopen his 2014 case.

involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'") (quoting *United States v. Leon*, 468 U.S. 897, 922–23 (1984)); *McRae v. City of Nutley*, No. CV 12-6011, 2015 WL 6524629, at *8 (D.N.J. Oct. 28, 2015).

Where a plaintiff is arrested pursuant to a facially valid warrant, however, a court may only find probable cause lacking if the arresting officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant" and "such statements or omissions [were] material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir.2000) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir.1997)); *see also Eckman v. Lancaster City*, 529 F. App'x 185, 186 (3d Cir. 2013). An officer makes an assertion with reckless disregard for the truth "when viewing all the evidence, [the officer] must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Wilson*, 212 F.3d at 788; *see also Shaffer v. City of Pittsburgh*, 650 F. App'x 111, 113 (3d Cir. 2016)(applying this standard on motion to dismiss).

In the instant Complaint, the sole basis for Plaintiff's false arrest/false imprisonment claims against individual Defendants Gillen, Wallmessam, Jackson, Parker, and Shaughnessey is that the Defendants serving the Warrant <u>knew</u> that the New York Warrant was invalid because it could not be executed in New Jersey.[8] Plaintiff's Complaint does not cite any authority for the claim that New Jersey police officers or federal agents may not rely on out-of-state warrants in

---

[8] Parker and Shaughnessy, who appear to be supervisors, were not involved in the execution of the Warrant and, as discussed below, there are no facts to suggest that they could be held liable as supervisors.

14

making arrests, and at least one court in this District has rejected this argument. *See Young v. City of Hackensack*, No. 04-CV-2011 (WJM), 2005 WL 1924327, at *3 (D.N.J. Aug. 11, 2005) (collecting cases), aff'd, 178 F. App'x 169 (3d Cir. 2006). Other courts to have considered the question have also rejected this argument: "[N]either precedent nor logic requires a second arrest warrant to be obtained when a valid warrant has been issued in another state." *United States v. Smith*, 131 F.3d 1392, 1397 (10th Cir. 1997). In fact, other courts have found that an out-of-state warrant provides officers with probable cause for making an arrest. *See Case v. Kitsap County Sheriff's Dept.*, 249 F.3d 921, 927–28 (9th Cir. 2001) (Washington police officers had probable cause to arrest subject in her home based on an Oregon arrest warrant entered into a national crime database.); *Berigan v. State*, 236 A.2d 743, 744–45 (Md. Ct. Spec. App.1968) (District of Columbia police officers had probable cause to make an arrest based on their knowledge of an outstanding Maryland fugitive warrant.); *United States v. Towne*, 870 F.2d 880, 884 (2d Cir.1989) (Vermont police officer had probable cause to make an arrest based on knowledge of a New Hampshire fugitive warrant, after officer contacted out-of-state authorities to confirm the warrant and requested and received a certified copy before making the arrest).

To the extent his false arrest/imprisonment claims are not time barred, Plaintiff has not alleged that Gillen, Wallmessam, or Jackson, who executed the Warrant, were involved in the preparation of the New York Warrant or knew that Dardzinski made false statements in the Warrant. Instead, Plaintiff premises Defendants' liability on the fact that they knew that the New York Warrant could not lawfully be served in New Jersey; this allegation, however, has no basis in law and has been rejected by numerous courts. Plaintiff's generalized claim that Defendants arrested him in retaliation for and on behalf of Detective Dardzinski likewise does not suggest that the arresting officers, who were members of different law enforcement agencies, knew that

15

the Warrant contained falsehoods or was otherwise invalid. Thus, although the Defendants serving the Warrant appear to have engaged in misconduct by using excessive force during Plaintiff's arrest, the Court has dismissed the excessive force claim as untimely, and there is nothing in the Complaint to suggest that the Defendants knew that the New York Warrant contained any falsehoods or any other facts to suggest that the Warrant was invalid. For these reasons, the Court will dismiss without prejudice the false arrest/false imprisonment claims against Gillen, Wallmessam, and Jackson.

Furthermore, the instant Complaint also fails to allege any facts suggesting that Parker and Shaughnessey, who appear to be supervisory Defendants, are liable in any way for Plaintiff's arrest or imprisonment, as liability under § 1983 and *Bivens* may not be based on a theory of *respondeat superior*. Plaintiff has not pleaded any facts showing that these Defendants participated in the alleged wrongs, knew of the wrongs and acquiesced in them, issued or enforced any relevant policies, and/or failed to supervise or train the other individual Defendants.[9] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (stating that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*"); *Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 316-19 (3d Cir. 2014) (outlining the general ways supervisors may be liable under § 1983), reversed on other grounds by *Taylor v. Barkes*, 135 S. Ct. 2042, 2043 (2015).

---

[9] Nor can a county or municipality be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). Instead, a plaintiff must demonstrate that the violation of his rights was caused by either a policy or a custom of the municipality. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir.1996).

Finally, the false arrest and false imprisonment claims against the entity Defendants Kettler Management, Solomon Page Group, LLC, and Sterling Securities, are also subject to dismissal for failure to state a claim. "To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law." *Mikhaeil v. Santos*, 646 F. App'x 158, 161–62 (3d Cir. 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). It is axiomatic that "[a] Section 1983 claim requires state action." *McKinney v. Prosecutor's Office*, No. CIV. 13-2553 KM MCA, 2014 WL 2574414, at *8 (D.N.J. June 4, 2014). Here, the entity Defendants appear to be private entities and are not identified in the Complaint as state actors. Although private individuals or entities may nonetheless be liable under § 1983 if they have conspired with or engaged in joint activity with state actors, *see Bierley v. Abate*, 661 F. App'x 208, 209 (3d Cir. 2016) (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)), Plaintiff has not alleged that any of the entity Defendants are state actors or that they engaged in a conspiracy or joint activity with any state actors. His allegations that the entity Defendants permitted law enforcement to enter the building where Plaintiff resided without a warrant is at best negligent conduct and does not transform the entity Defendants into state actors. Plaintiff's allegations that these entities were somehow acting on behalf of Detective Dardzinski are conclusory and thus not entitled to the presumption of truth.

In sum, the Court will dismiss the Fourth Amendment claims of excessive force and illegal search and seizure as untimely, and will dismiss the false arrest/false imprisonment claims as to all Defendants for failure to state a claim for relief. The dismissal is without prejudice, and the Court will provide Plaintiff with leave to amend the Complaint to the extent he can provide a basis for equitable tolling and/or cure the deficiencies in his claims as described herein. *See*

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that the district court may deny leave to amend under Rule 15(a) only where amendment would be futile).

### c. The Court Declines Supplemental Jurisdiction over State Law Claims

Because the Court has dismissed the federal claims, the remaining potential basis for this Court's jurisdiction over Plaintiff's remaining state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc.*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons*, Inc., 983 F.2d at 1284–1285. Here, the Court has dismissed the federal claims at the earliest possible stage of the proceedings and exercises its discretion to decline supplemental jurisdiction over any remaining state law claims at this time. If Plaintiff submits an Amended

Complaint that provides a basis for equitable tolling and/or cures the deficiencies in his federal claims, the Court will address any supplemental state law claims at that time.

V. **CONCLUSION**

For the reasons explained in this Opinion, Plaintiff's Fourth Amendment claims for excessive force and illegal search and seizure are dismissed without prejudice as barred by the two-year statute of limitations. The false arrest/false imprisonment claims are also dismissed without prejudice as to all Defendants for failure to state a claim for relief. Having dismissed the federal claims, the Court denies supplemental jurisdiction over Plaintiff's remaining state law claims at this time. Plaintiff may submit an Amended Complaint within 30 days to the extent he is able to provide a valid basis for equitable tolling and/or can cure the other deficiencies in his Complaint. An appropriate Order follows.

Dated: 4/26, 2018.

Madeline Cox Arleo, U.S.D.J.